UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X
GLENN W. BERNOUDY,                :

    Plaintiff,                :

    vs.                       :   No. 3:11cv390(MRK)(WIG)

MICHAEL J. ASTRUE,                :
Commissioner of Social Security,
                                  :
    Defendant.
------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 20]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Gary W. Huebner, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for additional administrative action. Upon remand, the Appeals Council will remand the case to an ALJ for a new hearing at which Plaintiff will be able to testify and present evidence.  The ALJ will be directed to  reconsider all of the medical evidence; reconsider

all of the medical source opinions and provide appropriate rationale for the weight accorded to such opinions; give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific reference to evidence of record in support of assessed limitations; and, if warranted, obtain vocational expert testimony to clarify the impact of Plaintiff's limitations on his occupational base.

Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 20].  Plaintiff's Motion for Summary Judgment [Doc. # 15] is GRANTED only to the extent set forth in this Order.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   18th   day of January, 2012, at Bridgeport, Connecticut.

    /s/ *William I. Garfinkel*
    WILLIAM I. GARFINKEL
    United States Magistrate Judge